IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEE DEE FRANCK-TEEL, ) | |
| ) | Case No. CV-05-71-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER AND** |
| ) | **SCHEDULING ORDER** |
| C/O HAMPTON; BRIAN ) | |
| UNDERWOOD, IDOC; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 12).

For the following reasons, the Motion is denied.

## MOTION TO DISMISS

**A.    STANDARD OF LAW**

Defendants seek dismissal of a portion of Plaintiff's Complaint.  A

complaint should not be dismissed for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."

**Memorandum Decision and Order**
**and Scheduling Order - 1**

*Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.* (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A court should dismiss a case without leave to amend only in "extraordinary" cases.  *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981).

In the federal courts, pro se litigants are afforded liberal treatment in asserting their claims, especially with regards to formal requirements   *See Lim v. INS,* 224 F.3d 929, 934 (9th Cir. 2000) (recognizing that courts frequently refuse to dismiss pro se appeals for formal defects where the opposing party suffers no prejudice); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 698-99 (9th Cir.1988) (same, in civil rights context).

## B.    INJUNCTIVE RELIEF

Plaintiff asserts that she has been sexually harassed at the prison; as a result, she asserts entitlement to injunctive relief.  There has been no showing that

**Memorandum Decision and Order**
**and Scheduling Order - 2**

Plaintiff will not continue to be housed at the Pocatello Women's Prison in the future. *See Nelson v. Heiss*, 271 F.3d 891 (9th Cir. 2001). The Court disagrees with Defendants' assessment that there is no "likelihood of repetition of the events that gave rise to this litigation." *See Caldwell v. LaFaver*, 928 F.2d 331 (9th Cir. 1991). Injunctive relief appears to be an available remedy, although such relief is strictly governed by the Prison Litigation Reform Act. *See* 18 U.S.C. § 3626(a)(1). Plaintiff may be able to develop through discovery facts showing that injunctive relief is available in the form of training or policy changes or an order that this correctional officer not have any contact with her. The Court concludes that it is too early in this litigation to foreclose injunctive relief.

## C.   OFFICIAL CAPACITY CLAIMS

Defendants asserts that the State of Idaho should not be a party to the suit. A review of the Complaint and of the Court's Initial Review Order shows that the Court has construed the Complaint as having only two defendants: Correctional Officer Hampton and Warden Underwood. The Court has construed the term "IDOC" as a description of the entity that employs Hampton and Underwood, but the IDOC is not a defendant.

The United States Supreme Court has determined that the Eleventh

**Memorandum Decision and Order
and Scheduling Order - 3**

Amendment prohibits litigants from bringing suits for monetary damages against states, state agencies, and state officials acting in their official capacity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139 (1993). As a result, states and state actors are not considered 'persons' under the provisions of § 1983. *Hafer v. Malo*, 502 U.S. 21, 26 (1991). Accordingly, suits against state actors "acting in their official capacities" are actually suits against the state, and are barred by the Eleventh Amendment. Therefore, when a plaintiff is seeking damages against a state official, the Court construes the complaint as an individual capacity suit because an official capacity suit for damages would be barred. See *Cerrato v. San Francisco Community College Dist*., 26 F.3d 968, 973 n.16 (9th Cir. 1994).

Because there is no official capacity claim asserted in the Complaint, the Court clarifies that the claims for monetary damages shall be construed as individual capacity claims. Because the Complaint was filed pro se, the Court construes the prospective injunctive relief claims against Defendants as the only official capacity claims. *See Ex Parte Young*, 209 U.S. 123 (1908) (the Eleventh Amendment does not bar suits for prospective injunctive relief filed against state officials).

**Memorandum Decision and Order**
**and Scheduling Order - 4**

**D.     SCHEDULING ORDER**

If Defendants Hampton and Underwood choose to file an answer in this action, the pretrial schedule set forth below shall govern.  In addition, the parties shall confer regarding the timing and form of ADR they wish to participate in, and then contact the Court's ADR Director, Denise Asper, Esq., by telephone at (208) 334-9067, or in writing at 550 West Fort Street, MSC 042, Boise, ID 83724, to set up a mediation with a mutually agreed-upon mediator or a settlement conference with a visiting judge.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 12) is DENIED.  The Court clarifies that the claims for monetary damages shall be construed as individual capacity claims.  The injunctive relief claims against Defendants in their official capacities remain.

IT IS FURTHER HEREBY ORDERED that, should Defendants choose to file an answer in this action, the following pretrial schedule shall govern:

A.     **Answer:** All answers shall be due no later than **November 15, 2005.**

B.     **Disclosure of Relevant Documents:** On or before **November 30, 2005**, the

**Memorandum Decision and Order
and Scheduling Order - 5**

parties shall provide each other with a copy of relevant documents in their possession. If any documents contain sensitive or security information, counsel should agree between themselves which documents should not be shared with their clients.

C.   **Completion of Discovery:**  All discovery shall be completed on or before **March 31, 2006.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.

D.   **Dispositive Motions:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **May 31, 2006.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho

.

**Memorandum Decision and Order**
**and Scheduling Order - 6**

DATED:  **October 28, 2005**



B. LYNN WINMILL

Chief Judge

United States District Court

**Memorandum Decision and Order**
**and Scheduling Order - 7**